# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51838-4-II |
| Respondent, | |
| v. | |
| JOSHUA MICHAEL FOWLER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Joshua Michael Fowler appeals the trial court's imposition of a discretionary legal financial obligation (LFO).  The State concedes that the criminal filing fee should be waived.  We accept the State's concession, and remand to the trial court to strike the criminal filing fee.

### FACTS

Fowler was convicted of bail jumping and fourth degree assault.  The trial court entered an order of indigency for Fowler.  At sentencing, the court imposed a $200 criminal filing fee. Fowler appeals the imposition of this fee.

### ANALYSIS

Relying on *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018), Fowler argues that the criminal filing fee that the trial court imposed is no longer authorized after the enactment of Engrossed Second Substitute House Bill (ESHB) 1783.  The State concedes that the trial court should strike the criminal filing fee.  We accept the State's concession, and remand to the trial court to strike the criminal filing fee.

No. 51838-4-II

ESHB 1783 amended RCW 36.18.020(2)(h) to prohibit courts from imposing the $200 criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17; *see* RCW 36.18.020(2)(h). The amendment to the LFO statute applies prospectively to cases that are on direct appeal. *Ramirez*, 191 Wn.2d at 747.

Here, the trial court signed an order of indigency for Fowler. Because Fowler is indigent, the criminal filing fee is no longer authorized. RCW 36.18.020(2)(h). Thus, we remand to the trial court to strike the criminal filing fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J

We concur:

Maxa, C.J.

Sutton, J.

2